IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JUNIPER NETWORKS, INC.,<br><br>    *Defendant*. | Case No. 4:19-cv-879-ALM<br><br>**JURY TRIAL DEMANDED** |

**JUNIPER NETWORKS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF AMERICAN PATENTS LLC'S FIRST AMENDED COMPLAINT (DKT. #18)**

Defendant Juniper Networks, Inc. ("Juniper"), through its undersigned counsel, for its Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint ("FAC") of the plaintiff, American Patents LLC ("American Patents"), states as follows:

**THE PARTIES**

1. Juniper lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

2. Juniper admits that it is a corporation organized and existing under the laws of Delaware and that it may be served through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75021.

## JURISDICTION AND VENUE

3. Juniper admits that the FAC purports to allege an action for infringement of United States patents under Title 35 of the United States Code, and that 28 U.S.C. §§ 1331 and 1338(a) confer jurisdiction as to claims arising under the United States patent laws and claims arising under the laws of the United States upon this Court. Juniper denies it has committed any acts of infringement and denies that American Patents is entitled to any relief.

4. As it relates to this action only, Juniper admits that it is subject to personal jurisdiction in this Court. Juniper further admits that it is registered to, has done, and continues to do business in Texas. Juniper denies all remaining allegations and inferences of paragraph 4.

5. Juniper admits that it has a small sales office located at 5830 Granite Parkway, Suite 850, Plano, Texas 75024, and that it has transacted business in this district. Juniper denies that venue is proper under 28 U.S.C. § 1400(b) and denies all remaining allegations and inferences of paragraph 5.

## BACKGROUND

6. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 6, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

7. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 7, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

8. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 8, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

9. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 9, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

10. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 10, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

## COUNT I

11. Juniper admits that U.S. Patent No. 7,088,782 (hereinafter, the "'782 Patent") on its face states that it issued on August 8, 2006 and is entitled "Time and Frequency Synchronization in Multi-Input, Multi-Output (MIMO) Systems." Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 11, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

12. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 12, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

13. Juniper admits that it has used products that have Wi-Fi capabilities. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 13, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

14. Juniper denies the allegations of paragraph 14.

15. Juniper denies the allegations of paragraph 15.

16. Juniper denies the allegations of paragraph 16.

17. Juniper denies the allegations of paragraph 17.

18. Juniper denies the allegations of paragraph 18.

19. Juniper denies the allegations of paragraph 19.

20. Juniper denies the allegations of paragraph 20.

21. Juniper denies the allegations of paragraph 21.

22. Juniper admits that it had knowledge of the '782 Patent as of the date of formal service of process of the plaintiff's original complaint (Dkt. #1) in this matter. Juniper denies all remaining allegations and inferences of paragraph 22.

23. Juniper denies the allegations of paragraph 23.

24. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 24, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

## **COUNT II**

25. Juniper admits that U.S. Patent No. 7,310,304 (hereinafter, the "'304 Patent") on its face states that it issued on December 18, 2007 and is entitled "Estimating Channel Parameters in Multi-Input, Multi-Output (MIMO) Systems." Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 25, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

26. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 26, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

27. Juniper admits that it or a subsidiary has sold and/or offered for sale certain Mist Access Point products and/or systems that have Wi-Fi capabilities. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 27, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

28. Juniper denies the allegations of paragraph 28.

29. Juniper denies the allegations of paragraph 29.

30. Juniper denies the allegations of paragraph 30.

31. Juniper denies the allegations of paragraph 31.

32. Juniper denies the allegations of paragraph 32.

33. Juniper denies the allegations of paragraph 33.

34. Juniper admits that it had knowledge of the '304 Patent as of the date of formal service of process of the plaintiff's original complaint (Dkt. #1) in this matter. Juniper denies all remaining allegations and inferences of paragraph 34.

35. Juniper denies the allegations of paragraph 35.

36. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 36, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

## COUNT III

37. Juniper admits that U.S. Patent No. 7,706,458 (hereinafter, the "'458 Patent") on its face states that it issued on April 27, 2010, subject to a terminal disclaimer, and is entitled "Time And Frequency Synchronization in Multi-Input, Multi-Output (MIMO) Systems." Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 37, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

38. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 38, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

39. Juniper admits that it or a subsidiary has sold and/or offered for sale certain Mist Access Point products and/or systems that have Wi-Fi capabilities. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 39, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

40. Juniper denies the allegations of paragraph 40.

41. Juniper denies the allegations of paragraph 41.

42. Juniper denies the allegations of paragraph 42.

43. Juniper denies the allegations of paragraph 43.

44. Juniper denies the allegations of paragraph 44.

45. Juniper denies the allegations of paragraph 45.

46. Juniper denies the allegations of paragraph 46.

47. Juniper denies the allegations of paragraph 47.

48. Juniper denies the allegations of paragraph 48.

49. Juniper admits that it had knowledge of the '458 Patent as of the date of formal service of process of the plaintiff's original complaint (Dkt. #1) in this matter. Juniper denies all remaining allegations and inferences of paragraph 49.

50. Juniper denies the allegations of paragraph 50.

51. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 51, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

## COUNT IV

52. Juniper admits that U.S. Patent No. 6,847,803 (hereinafter, the "'803 Patent") on its face states that it issued on January 25, 2005 and is entitled "Method for Reducing Interference in a Receiver." Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 52, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

53. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 53, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

54. Juniper admits that it or a subsidiary has sold and/or offered for sale Mist Access Point products and/or systems that have Wi-Fi capabilities. Juniper lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 54, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

55. Juniper denies the allegations of paragraph 55.

56. Juniper denies the allegations of paragraph 56.

57. Juniper denies the allegations of paragraph 57.

58. Juniper denies the allegations of paragraph 58.

59. Juniper admits that it had knowledge of the '803 Patent as of the date of the filing of the FAC. Juniper denies all remaining allegations and inferences of paragraph 59.

60. Juniper denies the allegations of paragraph 60.

61. Juniper lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 61, and therefore denies them under Fed. R. Civ. P. 8(b)(5).

## THE FAC'S ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT

62. Juniper admits that paragraph 62 purports to list the accused products. Juniper denies that any accused products infringe any of the asserted patents and denies all remaining allegations and inferences of paragraph 62.

63. Juniper denies the allegations of paragraph 63.

64. Juniper denies the allegations of paragraph 64.

65. Juniper denies the allegations of paragraph 65.

66. Juniper denies the allegations of paragraph 66.

67. Juniper denies the allegations of paragraph 67.

68. Juniper denies the allegations of paragraph 68.

69. Juniper admits that it and/or its subsidiary has sold and/or offered for sale products in Texas and elsewhere in the United States. Juniper denies that such products infringe and denies all remaining allegations and inferences of paragraph 69.

70. Juniper admits that it and/or its subsidiary has sold and/or offered for sale products in Texas and elsewhere in the United States. Juniper denies that such products infringe and denies all remaining allegations and inferences of paragraph 70.

71. Juniper admits that it and/or its subsidiary has sold and/or offered for sale products in the United States. Juniper denies that such products infringe and denies all remaining allegations and inferences of paragraph 71.

72. Juniper admits that it and/or its subsidiary has sold and/or offered for sale products in the United States and that Juniper is affiliated with Juniper Networks (US), Inc. Juniper denies that such products infringe and denies all remaining allegations and inferences of paragraph 72.

73. Juniper admits that it and/or its subsidiary has sold and/or offered for sale products in Texas and elsewhere in the United States. Juniper denies that such products infringe and denies all remaining allegations and inferences of paragraph 73.

74. Juniper denies the allegations of paragraph 74.

75. Juniper denies the allegations of paragraph 75.

76. Juniper denies the allegations of paragraph 76.

77. Juniper denies the allegations of paragraph 77.

78. Juniper denies the allegations of paragraph 78.

79. Juniper denies the allegations of paragraph 79.

80. Juniper denies the allegations of paragraph 80.

81. Juniper denies the allegations of paragraph 81.

82. Juniper denies the allegations of paragraph 82.

83. Juniper denies the allegations of paragraph 83.

84. Juniper denies the allegations of paragraph 84.

85. Juniper denies the allegations of paragraph 85.

86. Juniper admits that it had knowledge of the '782 Patent, '304 Patent, and '458 Patent as of the date of formal service of process of the plaintiff's original complaint (Dkt. #1) in this matter. Juniper further admits that it had knowledge of the '803 Patent as of the date of the filing of the FAC (Dkt. #18). Juniper denies all remaining allegations and inferences of paragraph 86.

87. Juniper denies any products accused in the FAC infringe and denies committing any acts to induce or connected to any infringement by Juniper customers. Further, Juniper denies knowledge of any infringement by Juniper customers and denies any remaining allegations of paragraph 87 under Fed. R. Civ. P. 8(b)(5).

88. Juniper denies the allegations of paragraph 88.

89. Juniper denies the allegations of paragraph 89.

90. Juniper denies the allegations of paragraph 90.

## THE FAC'S JURY DEMAND

Juniper admits American Patents requests a trial by jury on all issues so triable by right. Juniper likewise requests a trial by jury on all issues so triable.

## THE FAC'S PRAYER FOR RELIEF

Juniper denies each and every allegation of the FAC's Prayer for Relief, denies that American Patents is entitled to the relief requested in the FAC or any relief whatsoever, and denies any and all remaining allegations in the FAC not heretofore specifically admitted.

## DEFENSES

### FIRST DEFENSE
(Non-Infringement)

1. Juniper has not directly or indirectly infringed, willfully infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced others to infringe, any valid and enforceable claim of the '782 Patent, the '304 Patent, the '458 Patent, or the '803 Patent.

### SECOND DEFENSE
(Invalidity)

2. The claims of the '782 Patent, the '304 Patent, the '458 Patent, and the '803 Patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282.

### THIRD DEFENSE
(Equitable Doctrines)

3. The plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, estoppel, waiver, and/or acquiescence.

### FOURTH DEFENSE
(Prosecution History Estoppel)

4. Upon information and belief, the plaintiff's claims of infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel or prosecution disclaimer.

### FIFTH DEFENSE
(Failure to State a Claim)

5. The FAC fails to allege facts sufficient to state a claim upon which relief may be granted against Juniper.

## SIXTH DEFENSE
(Injunctive Relief Is Improper)

6. American Patents is not entitled to injunctive relief as a matter of law or equity because the alleged injury to American Patents, if any, is not immediate or irreparable, American Patents has an adequate remedy at law for its alleged injury, the balance of hardships do not favor an injunction, and the public interest would be disserved by an injunction.

## SEVENTH DEFENSE
(Lack of Standing)

7. To the extent American Patents does not have title to the '782 Patent, the '304 Patent, the '458 Patent, and/or the '803 Patent, American Patents lacks standing to bring a lawsuit on such patent(s).

## EIGHTH DEFENSE
(Limitations on Damages, Costs, and Fees)

8. The plaintiff's recovery for alleged infringement of the '782 Patent, the '304 Patent, the '458 Patent, and/or the '803 Patent, if any, is limited to any alleged infringement committed no more than "six years prior to the filing of the complaint" under 35 U.S.C. § 286.

9. American Patents failed to provide adequate notice to Juniper of alleged infringement and is thus barred under 35 U.S.C. § 287 from recovering damages prior to Juniper's receipt of notice through this action.

10. American Patents is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

11. Recovery for alleged infringement, if any, is limited by any disclaimed terminal period of the asserted patents. For example, the '458 Patent on its face is subject to a terminal disclaimer.

12. American Patents is not entitled to enhanced damages under 35 U.S.C. § 284 because Juniper has not intentionally, willfully, or deliberately infringed any claim of the '782 Patent, the '304 Patent, the '458 Patent, or the '803 Patent.

13. Juniper has engaged in all relevant activities in good faith thereby precluding American Patents, even if it were to prevail, from proving that this is an exceptional case that would justify American Patents recovering its reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

### NINTH DEFENSE
(Government Sales)

14. To the extent that products accused of infringing the '782 Patent, the '304 Patent, the '458 Patent, and/or the '803 Patent are used by and/or manufactured for the United States Government, the plaintiff's claims against Juniper with respect to such products may not be pursued in this Court and are subject to other limitations under 28 U.S.C. § 1498.

### TENTH DEFENSE
(Express or Implied License).

15. To the extent the '782 Patent, the '304 Patent, the '458 Patent, and/or the '803 Patent have been licensed to Juniper customers or suppliers or other third parties, the plaintiff's claims are barred, in whole or in part, by express license, release, and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

### ELEVENTH DEFENSE
(Breach of Obligations to Standard-Setting Organization)

16. To the extent the '782 Patent, the '304 Patent, the '458 Patent, and/or the '803 Patent should have been disclosed as essential to a telecommunications standard, including but not limited to LTE standards (e.g., ETSI TS 136 331) and/or Wi-Fi technology standards (e.g.,

IEEE 802.11n), any damages should be limited in accordance with the obligations of the plaintiff or its predecessor-in-interest to the relevant standard-setting organizations and to license the patent(s) at fair, reasonable, and non-discriminatory (i.e., FRAND) rates, and the plaintiff's claims are further barred under unclean hands or other equitable principles due to any failure to disclose the patents to the relevant standard-setting organizations.

17. For example, the '782 patent, the '304 patent, and the '458 patent previously were assigned to BAE Systems, a member of the European Telecommunications Standards Institute ("ETSI"). To the extent BAE Systems failed to disclose those patents as required by ETSI's Intellectual Property Rights ("IPR") policy, such violations encumber those patents with obligations requiring successors-in-interest, including the plaintiff, to license the patents on FRAND terms.

## COUNTERCLAIMS

For its counterclaims against plaintiff American Patents, defendant and counterclaimant Juniper alleges as follows:

### Nature and Basis of Action

1. These counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, that Juniper does not infringe any valid, enforceable claim of the '782 Patent, the '304 Patent, the '458 Patent, or the '803 Patent, and that the '782 Patent, the '304 Patent, the '458 Patent, and the '803 Patent are invalid.

### Parties, Jurisdiction, and Venue

2. Juniper is a Delaware Corporation with its principal place of business at 1133 Innovation Way, Sunnyvale, California 94089.

3. According to the FAC, American Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 2325 Oak Alley, Tyler, Texas 75703.

4. Subject to Juniper's affirmative defenses and denials, this Court has jurisdiction over the subject matter of Juniper's counterclaims under, without limitation, 28 U.S.C §§ 1331, 1338, and 1367.

5. American Patents has consented to the personal jurisdiction of this Court by commencing its action alleging patent infringement in this judicial district.

6. Juniper presents its counterclaims contingent upon correctness of venue of the FAC. Juniper does not waive any challenges to venue as to the claims that American Patents has asserted against Juniper, and Juniper does not waive any challenges to or otherwise concede the convenience of the present forum.

## FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement)

7. Juniper incorporates herein and realleges the allegations set forth in paragraphs 1–6 of these Counterclaims.

8. Due to the filing of the FAC, an actual controversy exists between Juniper and American Patents with respect to Juniper's alleged infringement of the '782 Patent, the '304 Patent, the '458 Patent, and the '803 Patent.

9. Juniper has not infringed and does not infringe, directly, indirectly, contributorily, and/or by inducement, any valid and enforceable claim of the '782 Patent, the '304 Patent, the '458 Patent, or the '803 Patent, literally or under the doctrine of equivalents.

10. Juniper is entitled to a judicial declaration that it has not infringed and does not infringe, directly, indirectly, contributorily, and/or by inducement, any valid and enforceable

claim of the '782 Patent, the '304 Patent, the '458 Patent, or the '803 Patent, literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity)

11. Juniper incorporates herein and realleges the allegations set forth in paragraphs 1–10 of these Counterclaims.

12. Due to the filing of the FAC, an actual controversy exists between Juniper and American Patents with respect to the validity of the '782 Patent, the '304 Patent, the '458 Patent, and the '803 Patent.

13. The claims of the '782 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282.

14. The claims of the '304 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282.

15. The claims of the '458 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282.

16. The claims of the '803 Patent, in whole or in part, are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, 116, and/or 282.

17. Juniper is entitled to a judicial declaration that the claims of the '782 Patent, the '304 Patent, the '458 Patent, and the '803 Patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Juniper asks the Count to enter judgment in Juniper's favor and against American Patents by granting the following relief:

A. A dismissal of all claims in the FAC against Juniper, with prejudice, and a complete denial of the requests by American Patents for judgment, injunctive relief, damages, royalty, interest, costs, and any other form of relief;

B. A declaration that Juniper has not infringed and does not infringe, directly, indirectly, contributorily, and/or by inducement, any valid and enforceable claims of the '782 Patent, the '304 Patent, the '458 Patent, or the '803 Patent, literally or under the doctrine of equivalents;

C. A declaration that the claims of the '782 Patent, the '304 Patent, the '458 Patent, and the '803 Patent are invalid;

D. A finding that this case is exceptional under 35 U.S.C. § 285 and an award to Juniper of its reasonable costs and attorney's fees, together with interest, including prejudgment interest, thereon;

E. An award of Juniper's reasonable costs and expenses of litigation; and

F. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Juniper respectfully demands a trial by jury on all claims, defenses, and counterclaims.

Dated: March 3, 2020                                  Respectfully submitted,

*/s/ Alan M. Fisch*
Alan M. Fisch (Lead Attorney)
D.C. Bar No. 453068
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
D.C. Bar No. 490957
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
D.C. Bar No. 979812
*jeffrey.saltman@fischllp.com*
Matthew R. Benner (*pro hac vice*)
D.C. Bar No. 219421
*matthew.benner@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
+1.202.362.3500

*Attorneys for Defendant
Juniper Networks, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 3, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Sherman Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

By: */s/ Alan M. Fisch*
Alan M. Fisch
